[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13202
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00448-JOF-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS VARGAS-CALDERON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 1, 2011)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jesus Vargas-Calderon appeals his 70-month sentence imposed after he pleaded guilty to being a previously deported alien who unlawfully re-entered the United States in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Vargas-Calderon argues his sentence is excessive and unreasonable in light of both the record and the 18 U.S.C. § 3553(a) factors. He asserts his sentence fails to account for the mitigating aspects of his history and personal characteristics. Specifically, Vargas-Calderon contends his sentence is unreasonable because six of his twelve criminal history points were attributable to crimes he committed when he was seventeen, thus his sentence was unduly influenced by his youthful indiscretions.

We review sentences for reasonableness, using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). When evaluating the "substantive reasonableness" of a sentence, we consider the totality of the circumstances. *Id.* On appeal, the party challenging the sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). We determine whether the sentence is substantively reasonable based on the factors in section 3553(a), and we ordinarily expect a within-guidelines sentence to be reasonable. *Id.* We will only vacate a sentence if we determine that "after giving a full measure of

deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), *petition for cert. filed*, 79 U.S.L.W. 3361 (U.S. Nov. 24, 2010) (No. 10-727).

The parties dispute the applicable guidelines range—the government argues the 70 month sentence is a below-guidelines variance, and Vargas-Calderon argues it is at the low-end of the applicable guidelines range. Either way, Vargas-Calderon's sentence is substantively reasonable. First, Vargas-Calderon's sentence was well below the statutory maximum of 20 years. *See, e.g., United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (upholding a sentence as reasonable in part because it was "appreciably below" the statutory maximum). Second, the sentence correctly reflects Vargas-Calderon's multiple illegal re-entries into the United States and his multiple convictions for driving under the influence. The district court considered Vargas-Calderon's arguments regarding his age and work history in fashioning the sentence. Vargas-Calderon has not met his burden to show that the district court abused its discretion, so we affirm.

**AFFIRMED.**